IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Scott Warren Boe,

              Plaintiff,

v.

Charles L. Ryan, et al.,

              Defendants.

No. CV 15-02479-PHX-SPL (DMF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEVEN P. LOGAN:**

Before the Court is Plaintiff's Motion to Amend/Correct the Complaint styled as a "Motion for Leave to File Supplemental Pleading" (Doc. 38) filed on April 28, 2016. Defendants responded in opposition (Doc. 41), and on May, 27, 2016, Plaintiff filed a reply in support of his motion (Doc. 43). This matter is before the undersigned on referral from the District Judge. The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

I.    **Background.**

Plaintiff filed a pro se prisoner civil rights Complaint on December 7, 2015 (Doc.

1). On December 22, 2015, Plaintiff filed his three-count First Amended Complaint (Doc. 15). On January 11, 2016, the Court entered an Order (Doc. 19) directing Defendants Coffrey and Smith to answer Count One of the First Amended Complaint and dismissing the remaining claims and Defendants without prejudice.

At the beginning of February 2016, Plaintiff was transferred from ASPC-Lewis to ASPC-Yuma. (See Doc. 22.) Within days of his arrival there, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 25) and lodged a Second Amended Complaint signed February 5, 2016 (Doc. 26). The lodged (second) amended complaint failed to comply with LRCiv 15.1(a). Thus, on March 22, 2016, this Court denied Plaintiff's Motion for Leave to File Amended Complaint (Doc. 25) and ordered the lodged (second) amended complaint (Doc. 26) stricken (Doc. 31).

On April 4, 2016, Defendants Coffey and Smith answered Count I of Plaintiff's First Amended Complaint. (Doc. 33.) The next day, the Court issued its Scheduling Order (Doc. 34). Among its deadlines, the Court ordered a June 6, 2016, deadline for all motions to amend the complaint or to add parties. (*Id.* at 2.)

## II.    Plaintiff Has Again Failed to Comply with LRCiv 15.1.

On April 28, 2016. Plaintiff filed a Motion to Amend/Correct the Complaint styled as a "Motion for Leave to File Supplemental Pleading" (Doc. 38) proposing a complaint that is identical to the stricken lodged proposed Second Amended Complaint (Doc. 26) including the date that it was signed: February 5, 2016. (Doc. 38). Rather than comply with LRCiv 15.1, Plaintiff has lodged the same exact proposed pleading, calling it instead a supplemental complaint, which is still not in compliance with LRCiv 15.1. (*See* Doc. 26 and Doc. 38.) Plaintiff admits in his reply that the proposed complaint in Doc. 38 is exactly the same as stricken Doc. 26 (Doc. 43). Plaintiff states that his more recent motion (Doc. 38) is brought as a supplemental pleading under Rule 15(d), Federal Rules of Civil Procedure, and, thus, should be considered under Rule 15(d)'s standard. *Id.* Regardless of what the motion proposing a new complaint is named, LRCiv 15.1 applies.

Because Plaintiff has docketed two prior complaints (and sought to docket a third), Plaintiff is not entitled to amend his complaint without leave of the Court or consent of

the opposing party.  *See* Fed. R. Civ. P. 15(a)(1).  (Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once as a matter of course.  In all other cases, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.")  Thus, Plaintiff must obtain the Court's leave to file another amended complaint.  A proper motion for leave to amend attaches a copy of the proposed amended pleading "which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."  LRCiv 15.1(a).  Plaintiff's motion and accompanying proposed complaint again fails to comply with LRCiv 15.1(a).  Plaintiff also failed to indicate whether he was adding any new defendant to his list of defendants, especially since he is, at the end of Count II of the proposed second amended complaint, making allegations arising from a new prison facility.

If undersigned ordered that Plaintiff's motion at Doc. 38 be denied without prejudice because of his failure to follow LRCiv 15.1(a)[1], Plaintiff will be outside of the time limit of the scheduling order for filing a new motion to amend the complaint  in compliance with LRCiv 15.1(a).  (*See* Scheduling Order at Doc. 34) Therefore, undersigned will further address Plaintiff's motion at Doc. 38.

### III.    Standard for Supplemental Pleadings.

Under Federal Rules of Civil Procedure Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (Emphasis added.)  That is, "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted).

The Court has broad discretion in deciding whether to allow a supplemental

---

[1] The Court ordered that Plaintiff's motion to file the previous proposed second amended complaint be denied *without* prejudice for failure to follow LRCiv 15.1(a) (Docs. 25, 26, and 31).

pleading. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  Rule 15(d) "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Id.* at 474.  Motions to permit a supplemental pleading are treated liberally, *Id.* at 475, but leave to file a supplemental pleading may be denied for "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *San Luis & Delta-Mendota Water Authority v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Calif. 2006), (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Moreover, a supplemental pleading, cannot be used to introduce a separate, distinct, and new cause of action that should be the subject of a separate suit.  *Planned Parenthood of S. Ariz. v. Neeley*, 130 F.3d 400, 402 (9th Cir. 1997).

## IV.   The Supplemental Pleading is Redundant to A Claim that Did Not Survive Screening of the First Amended Complaint.

The proposed Second Amended Complaint in Doc. 38 has two counts.  Count I, by Plaintiff's representation, "is no way changed from the original complaint." (Doc. 38 at 1).  Plaintiff asserts that he proposes to supplement the previous complaint by adding Count II to his lodged proposed Second Amended Complaint. (Doc. 38 at 1.)  Plaintiff asserts that his new allegations occurred on February 1, 2016 (*Id.*), but a closer look at the lodged proposed supplemental pleading reveals that Plaintiff's assertion about Count II is not entirely accurate.

This Court originally dismissed Count II as it appeared in the First Amended Complaint, which regarded Plaintiff's October, 2015 attempts to inform multiple defendants of threats to his safety (Doc. 19; Doc. 15 at 8-9).  In Plaintiff's proposed supplemental pleading at Doc. 38, the first two pages of Count II are identical to the first two pages of Count II of the First Amended Complaint, which this Court screened and found that Defendants would **not** be required to answer.  (*Compare* Doc. 15 at 8-9 and

Doc. 38 at 10-11).   Then, the proposed supplemental complaint adds allegations under Count II that were not asserted in Count II of the First Amended Complaint. (*Compare* Doc. 15 at 8-9 and Doc. 38 at 12-15.)

Like in the dismissed Count II of the First Amended Complaint, Plaintiff's allegations in Count II of the proposed complaint are based on Plaintiff's October, 2015 attempts to inform multiple defendants of threats to his safety (Doc. 38 at 11.)   Plaintiff also adds allegations about an October 28, 2015, inmate letter response by Correctional Officer Robinson (*Id.* at 12-13), his November 13, 2015, reply to the administrators (*Id.* at 13), and a December 21, 2015, response to his reply, again from Correctional Officer Robinson (*Id.* at 14).  Plaintiff does not explain why these allegations were not included in his First Amended Complaint dated December 21, 2015.

Because the new allegations described above in Count II of Doc. 38 occurred on or before the date Plaintiff signed his First Amended Complaint (*see* Doc. 15), Rule 15(d), Federal Rules of Civil Procedure, does not apply and Plaintiff's motion under Rule 15(d), Federal Rules of Civil Procedure, should be denied.  Further, even if the Court construes Plaintiff's motion at Doc. 38 as a motion to amend rather than a motion to supplement, Plaintiff has not shown good cause to amend now, after the screening of his First Amended Complaint, to add allegations that he could have raised in his First Amended Complaint.

Finally, as stated in this Court's Order of January 11, 2016 (Doc. 19), screening the First Amended Complaint:

> Plaintiff's allegations in Count Two are too vague and conclusory to state a threat to-safety claim. It is unclear whether Defendants Metzler, Hutin, Scott, Dorsey, Thompson, Moody, Smith, and Ryan actually received and reviewed Plaintiff's inmate letters, as the PC Committee, not these individuals, was responsible for making the decision about his protective segregation request. Although Plaintiff alleges that there was a constant threat to his safety, he does not describe this threat in any detail, and it is not clear if he described the alleged threat in any detail in the inmate letters.

(Doc. 19 at 6).  The added allegations in Count II of Doc. 38 about the other letters through the date of the First Amended Complaint fail in the same respects.  (Doc. 19).

**V.     The Supplemental Pleading Attempts to Bring a New Cause of Action that Should be the Subject of a Separate Suit.**

In Count II of the proposed supplemental pleading in Doc. 38, after the events alleged through the filing of the First Amended Complaint (discussed above), Plaintiff goes on to allege that he submitted an emergency grievance on January 24, 2016, that he was transported by bus on February 1, 2016, and that upon his arrival that day at ASPC-Yuma, he was threatened by another inmate.  (Doc. 38 at 14-15.)   While these new claims occurred after Plaintiff filed his First Amended Complaint, they should be the subject of a new and separate lawsuit.   The goal of Rule 15(d) is judicial efficiency, *Keith*, 858 F.2d at 473.   Judicial efficiency will not be served here if Plaintiff is permitted to possibly add multiple, unknown Defendants and new and likely unrelated causes of action from the new facility.   Plaintiff's new claims are more properly the subject of a separate suit.   In this case, the defendants have been served and have answered, a scheduling order has already issued, discovery is proceeding, and the discovery request cutoff is September 6, 2016 (Docs. 19, 33, 34).

Further, the remainder of the proposed Second Amended Complaint fails to state a threat-to-safety claim under the Eighth Amendment against any Defendant.    Futility alone can justify denial of a motion to supplement. *Torres v. Ryan*, No. CV 12-0006-PHX-JAT, 2013 WL 4026870, at *6 (D. Ariz. Aug. 7, 2013) (citing *Bonin v. Calderon*, 59 F.3d 815, 845–46 (9th Cir. 1995); *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim").   Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

In order to state a claim under the Eighth Amendment for deliberate indifferent to a substantial risk of serious harm to an inmate, Plaintiff must allege that an officer knew

of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  This standard requires the official to be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. *Id.* at 838.

Plaintiff's allegations in Count II regarding the events on February 1, 2016, are vague and conclusory.  (Dkt. 38 at 14-15.)  He does not allege who transported him on the bus to ASPC-Yuma, what substantial danger he was in, or how anyone knew of a substantial risk of harm or how that person disregarded it.  (*Id.*)  Likewise, after he arrived at ASPC-Yuma, Plaintiff alleges that he refused his housing and was denied protective custody review.  (*Id.* at 15.)  Yet he fails to identify any particular officer as a defendant from ASPC-Yuma (*Id.* at 3-6) or allege when and how any particular officer knew of and disregarded a risk to his safety (*Id.* at 14-15).  Plaintiff has not alleged facts supporting a claim for deliberate indifference in the additional allegations Plaintiff added to Count II of the proposed second amended complaint after the date of his First Amended Complaint.

For the reasons above,

**IT IS RECOMMENDED that** Plaintiff's Motion to Amend/Correct the Complaint styled as a "Motion for Leave to File Supplemental Pleading" (Doc. 38) filed on April 28, 2016 **be denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17)

pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 5th day of July, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge